IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Carl Whaley, ) | C/A No. 4:24-cv-5566-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Cindy Harris, Nicholas Gallam, Luke ) | |
| Samuel Kull, Mr. Nicholson, Tonetta ) | |
| Buggs, Mr. White, Ms. Baker, Damion ) | |
| Bradley, Drake Kudron, Aiken County ) | |
| Sheriff's Office, Genesys Health ) | |
| Alliance, Michael Hunt, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of his constitutional rights. ECF No. 21. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 9, 2025, the Magistrate Judge issued a Report recommending partial summary dismissal. ECF No. 33. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 44.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.[1] The Magistrate Judge recommends that all claims except for the portion of Claim 1 as to Defendant Kull, the portion of Claim 2 as to Defendant Harris, and the portion of Claim 6 as to Defendant Gallam be dismissed with prejudice, without further leave to amend, and without issuance and service of process. Because Plaintiff filed objections, the Court's review has been de novo.

The Magistrate Judge first recommends dismissal of Defendants Aiken County Sheriff's Office ("ACSO") and Genesys Health Alliance ("GHA"). He states that the ACSO

---

[1] Certain alterations to the Magistrate Judge's recitation are noted below.

is not a person amenable to suit under 42 U.S.C. § 1983 and that Plaintiff has failed to allege how GHA, a private company, is a person acting under color of state law and Plaintiff has failed to identify policies enacted by GHA that harmed him.  ECF No. 33 at 3–4.  Plaintiff objects and argues that these Defendants are persons under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978).  ECF No. 44 at 13–14.  He contends that he alleged a policy when he stated that he was denied a biopsy.  However, that allegation relates to a discrete event and does not sufficiently allege a policy or custom.  Plaintiff also points to other portions of his amended complaint and states that he has alleged a policy or custom.  Upon review, the Court finds that he has not and, accordingly, dismisses the ACSO and GHA as Defendants.

The Magistrate Judge then proceeds through Plaintiff's numbered claims.  He found that Claim 1 should be served as to Defendant Kull and authorized service of process.  The Magistrate Judge determined that Claim 2 should be served as to Defendant Harris but recommends dismissal of this claim as to Defendant Kudron.  Plaintiff has not filed specific objections to this portion of the Report.  Nevertheless, out of an abundance of caution, the Court has reviewed this portion of the Report de novo; upon such review, the Court agrees with the recommendation of the Magistrate Judge.  Claim 2 is dismissed as to Defendant Kudron.  Service of process has been authorized as to the remainder of these claims.

Claim 3 pertains to disciplinary issues and refers to Defendants Buggs, White, Baker, Bradley, and Nicholson.  The Magistrate Judge recommends dismissal of this claim because Plaintiff has failed to state a claim of constitutional magnitude.  ECF No.

33 at 5–7. In his objections, Plaintiff asserts that the atypical and significant hardship test does not apply to him, that he was put in disciplinary segregation twice for 30 days each time, that the loss of canteen time was intended to be punitive, and that there was more than a loss of outdoor recreation with respect to his third disciplinary incident. ECF No. 44 at 3–5.

As the Fourth circuit recently stated,

> Pretrial detainees have a well-settled constitutional right under the Fourteenth Amendment to be "free from punishment." *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). That right derives from the Due Process Clause, which protects such detainees from punishment "prior to an adjudication of guilt in accordance with due process of law." *Id.* (quoting *Bell*, 441 U.S. at 535). This settled principle applies "to substantive and procedural due process claims pursued by pretrial detainees." *Id.* at 174 (collecting cases). Segregation of a pretrial detainee, intended as a penalty for disciplinary infractions, constitutes punishment such that it implicates a protected liberty interest under the Fourteenth Amendment and may not be imposed without due process. *Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016).

*Gowen v. Winfield*, 130 F.4th 162, 174–75 (4th Cir. 2025). Accordingly, at this procedural posture, the Court finds that Plaintiff has stated a plausible claim for relief. The Court respectfully declines to adopt this portion of the Report and will direct that Defendants Buggs, White, Baker, Bradley, and Nicholson be served as to Claim 3.

In Claim 4, Plaintiff contends that the mental health evaluator's report shows 27 reports from the Aiken County Detention Center between May 2022 and June 2024. He asserts that there was no due process and that these reports could "drastically impact my

liberty and impugn me as to the civil commitment proceedings." ECF No. 21 at 16. The Magistrate Judge recommends dismissal of this claim. ECF No. 33 at 7. Plaintiff objects and argues that "these matters do in fact have [an] effect on the civil commitment proceedings because they unduly influence the opinion of the mental-health evaluator." ECF No. 44 at 5. He contends that these 22 reports were disciplinary actions intended to punish him. *Id.* at 6–7. Later in his objections, Plaintiff reiterates that it is prejudicial that his disciplinary matters have been reported to his mental-health evaluator. *Id.* at 8–9, 15.

The Court agrees with the Magistrate Judge that Plaintiff has failed to plausibly allege that his disciplinary actions have an impact on his state civil commitment proceedings. Plaintiff's allegation to the contrary is speculative and lacks any factual support. Accordingly, Claim 4 is dismissed.

In Claim 5, Plaintiff alleges that Defendant Buggs put him in administrative segregation because he was a PREA victim and civil detainee. He asserts that this custody status will impact his civil commitment proceedings. The Magistrate Judge recommends dismissal of this claim because there is no constitutional right to a particular custody classification and because Plaintiff's conditions of confinement claims fail to rise to the level of a constitutional violation. ECF No. 33 at 7–8. Plaintiff objects and states that administrative segregation is expressly a part of the disciplinary process and that "the mental health evaluator took negative notice thereof." ECF No. 44 at 7; *see also id.* at 9. He cites to a case discussing solitary confinement. *Id.* at 7–8. As explained in more detail by the Magistrate Judge, Plaintiff is not entitled to a particular classification. Moreover,

there is no indication that he was kept in administrative segregation indefinitely. *See Incumaa v. Stirling*, 791 F.3d 517, 531 (4th Cir. 2015), *as amended* (July 7, 2015). Accordingly, Claim 5 is subject to dismissal.

In Claim 6, Plaintiff alleges that Dr. Garmen stated he needed a skin biopsy; however, Defendant Gallam prevented Dr. Garmen from providing Plaintiff appropriate care. The Magistrate Judge authorized service as to this portion of the claim against Defendant Gallam. The Magistrate Judge recommends dismissal of the remainder of this claim including Plaintiff's claims that he should receive two mats and a snack bag. ECF No. 33 at 8–9. In his objections, Plaintiff takes issue with the Magistrate Judge's statement that he has been convicted of a sexually violent offense. He further states that the issue of mattresses and a snack bag is not a constitutional claim but rather is an allegation that a policy or custom prevents doctors from prescribing items they would normally prescribe. ECF No. 44 at 9–10. Plaintiff cannot attempt to impose *Monell* liability for conduct that does not rise to the level of a constitutional violation. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) ("[N]ot every deprivation of a constitutional rights will lead to municipal liability. Only in cases where the municipality causes the deprivation through an official policy or custom will liability attach.") (internal quotation marks and citation omitted). Plaintiff's concerns regarding the Magistrate Judge's summary of his criminal history are not relevant to whether he has sufficiently alleged that he suffered a constitutional violation. Accordingly, the portion of Claim 6 that has not already been served is dismissed.

In Claim 7, Plaintiff contends that Defendant Kull violated his rights by opening mail outside of Plaintiff's presence. The Magistrate Judge recommends dismissal of this claim because Plaintiff has not alleged a cognizable injury. ECF No. 33 at 9–10. Plaintiff has not specifically objected to this portion of the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed this portion of the Report de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, Claim 7 is dismissed.

In Claim 8, Plaintiff alleges that he does not have access to a law library. This is properly considered as an access to courts claim. The Magistrate Judge recommends dismissal of this claim because Plaintiff had an attorney, detention centers are generally not required to have law libraries, and Plaintiff has not shown any actual injury resulting from the denial of access. ECF No. 33 at 10–11. Plaintiff objects and clarifies that his attorney was relieved prior to the written order referenced by the Magistrate Judge. He states that he has no access to court cases. He contends that he should not have to wait for an injury to occur and it is common sense that he needs access to caselaw. ECF No. 44 at 10–25.

Upon review, the Court agrees with the Magistrate Judge that this claim is subject to dismissal. Regardless of when Plaintiff's counsel was relieved, he has not shown an inability or hindrance to pursue his legal claims in this case or any other case. *See*, *e.g.*, *James v. Faile*, No. 1:13-cv-211-DCN, 2015 WL 1057905, at *4 (D.S.C. March 6, 2015) (noting there is "no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of

7

confinement"); *Williams v. Stirling*, No. 2:18-CV-1690-CMC-MGB, 2019 WL 6094512, at *10 (D.S.C. May 21, 2019), *report adopted*, 2019 WL 3729396 (D.S.C. Aug. 8, 2019), *aff'd,* 806 F. App'x 248 (4th Cir. 2020) ("Upon review, there is no evidence of any actual injury or prejudice resulting from Plaintiff's alleged denial of access to courts . . . . Plaintiff has vigorously litigated his claims in this action—he has filed numerous pretrial motions and appealed various rulings from this Court, often citing legal precedent."). *See also Russell v. Alvin S. Glenn Det. Ctr.*, No. C/A 9:09-0548-HFF-BM, 2009 WL 1469149, at *3 (D.S.C. May 6, 2009), *report adopted sub nom.*, 2009 WL 1469002 (D.S.C. May 26, 2009) (recognizing that the Fourth Circuit has held that not all detention centers are required to have a law library (citing *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987)); *Freeman v. Sheriff Al Cannon Det. Ctr.*, No. 5:18-cv-00875-TMC-KDW, 2018 WL 4055641, at *3 (D.S.C. July 23, 2018), *report adopted,* 2018 WL 4052393 (D.S.C. Aug. 24, 2018) ("Longstanding case law in this circuit provides that if a pre-trial detainee alleging denial of access to courts due to inadequacy of the jail law library has an attorney or *is offered counsel but waives his or her right to counsel*, he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee." (citing *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978))). Accordingly, Claim 8 is dismissed.

In Claim 9, Plaintiff alleges that his medical records were disclosed by Defendant Gallam. The Magistrate Judge recommends dismissal of this claim because there is no private right of action under HIPPA. ECF No. 33 at 11. Plaintiff objects and states that he is bringing a claim for unlawful seizure of his medical records by Defendant Gallam.

8

ECF No. 44 at 12–13. Plaintiff states that his medical records were disclosed in the course of litigation. However, as noted by another court, "it is well-settled that a party who places his or her physical or mental health in issue waives privileges which pertain to the conditions in issue. Refusal to sign releases does not eliminate the opposing party's right to discover the records pertaining to the conditions." *Fields v. W. Virginia State Police*, 264 F.R.D. 260, 264 (S.D.W. Va. 2010). Accordingly, Claim 9 is dismissed.

Plaintiff reiterates his request for appointment of counsel. ECF No. 44 at 1–2. He contends that he cannot conduct adequate legal research, that he needs to conduct depositions, and that he is raising issues of first impression. There is no constitutional right to counsel in a civil case. While the court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be allowed only in exceptional cases." 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). If it is apparent that a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant*, 739 F.2d at 163. Recently, in a § 1983 action, the Fourth Circuit explained that a district court must conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the plaintiff has a colorable claim, and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lacks the capacity

to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 31, 2024) (published). The Fourth Circuit made clear that a district court's failure to assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities" is legal error. *Id*.

Here, Plaintiff, proceeding pro se, has capably presented allegations that survived initial review screening. The issues presented are not complex, and there are no facts, other than Plaintiff's statement that he lacks capacity, indicating that Plaintiff does not have the capacity to present his claims. Plaintiff has filed several motions in this Court, has appropriately followed directions given by the Magistrate Judge, and is actively pursuing his claims. Further, there are no exceptional circumstances for appointment of counsel at this time. Therefore, denial of counsel at this procedural stage is appropriate; Plaintiff is not barred from seeking counsel again further along in this action.

Plaintiff also states that he is not a prisoner subject to the provisions of the Prisoner Litigation Reform Act; therefore he should not have incurred a debt of $350. ECF No. 44 at 1–2. Plaintiff misunderstands the procedure for proceeding in forma pauperis. The debt incurred is unrelated to Plaintiff's status.[2] The in forma pauperis statute allows qualifying individuals to proceed in their cases without **pre**payment of fees. 28 U.S.C. § 1915. By proceeding in this action, Plaintiff has incurred a debt as ordered by the

---

[2] Plaintiff's status has been addressed numerous times in his other cases.

10

Magistrate Judge. Further, there is no error in directing that the custodian to collect the proper payment.

Plaintiff states, without elaboration, that he "seeks injunction/TRO." ECF No. 44 at 11. To the extent this request needs to be addressed here, the Court finds that Plaintiff has failed to set forth any allegations with respect to the *Winter*[3] factors. Accordingly, this request is denied at this time.[4]

Finally, Plaintiff seems to request of this Court whether he has named the proper defendant. ECF No. 44 at 13, n.23. This inquiry seeks legal advice, which the undersigned is unable to provide.

## **CONCLUSION**

Accordingly, the Court agrees in part and respectfully declines to agree in part with the recommendation of the Magistrate Judge. Plaintiff's remaining claims are dismissed without prejudice other than Claim 3. The Court directs that the Magistrate Judge authorize service of process as to Claim 3 against Defendants Mr. Nicholson, Tonetta Buggs, Mr. White, Ms. Baker, and Damon Bradley. Defendants Drake Kudron, Aiken

---

[3] A plaintiff seeking a preliminary injunction or TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[4] In one of his footnotes, Plaintiff states that he believes Magistrate Judge Rogers is biased. ECF No. 44 at 12, n.19. As Plaintiff has not requested any action be taken, such as recusal, the Court declines to address this further.

11

County Sheriff's Office, Genesys Health Alliance, and Michael Hunt are dismissed without prejudice.

    IT IS SO ORDERED.

                                        s/ Donald C. Coggins, Jr.
                                        United States District Judge

April 14, 2025
Spartanburg, South Carolina